351 So.2d 867 (1977)
James L. PLUNKETT, Plaintiff-Appellant,
v.
REEVES APOTHECARY, INC., Defendant-Appellee.
No. 13377.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Walker, Holstead & Smith by R. Wayne Smith, Ruston, for plaintiff-appellant.
Davenport, Files, Kelly & Marsh by Thomas W. Davenport, Jr., Monroe, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
JONES, Judge.
Plaintiff appeals a decision in this declaratory judgment proceeding rejecting his demand to declare unenforceable a "noncompetition" provision in the "Bill of Sale" of plaintiff's drug store business to defendant. We affirm.
On July 1, 1972, plaintiff sold his drug store business, including inventory and fixtures, for $60,000. The sale contained the following noncompetition clause:
"In further consideration of the aforementioned sum paid this day, Appearer declared that neither he personally, nor Jordan and Plunkett Drugs, Inc., will operate or own a drug business or be employed *868 as a pharmacist in Ward 1 of Bienville Parish."
In 1976 plaintiff decided to return to Arcadia, which is located in Ward 1, Bienville Parish, to engage in the pharmacy business and contacted defendant in an effort to repurchase the drug store. The parties could not agree upon a price and plaintiff filed this proceeding seeking to invalidate the noncompetition clause.
The issue is whether the noncompetition agreement prohibits perpetually the plaintiff from engaging in the drug business in Ward 1 of Bienville Parish, and if so, is the controversial clause enforceable.
Plaintiff and defendant negotiated for a period of two weeks prior to consummating the sale. During these negotiations plaintiff represented to defendant he never intended to return to the drug business in Arcadia and he would contractually obligate himself not to return and engage in the drug business in Arcadia. The trial judge made this finding of fact and it is supported by the record.
At the time the contract was signed in the attorney's office, the attorney suggested the noncompetition clause contain provisions limiting its operation to a geographical area and for a limited period of time. Plaintiff reiterated in the presence of the attorney and defendant his intention never to return to Arcadia and the parties agreed to place a geographical limitation on the noncompetition clause, but not to limit its duration. The agreement was prepared without limitation upon the duration of the noncompetition clause. The absence of a limitation clearly reflects the intentions of the parties that same be perpetual.
In the decisions of Moorman & Givens v. Parkerson, 59 So. 122 (1912) and May v. Johnson, 13 La.App. 521, 131 La. 204, 128 So. 540 (2d Cir. 1930), clauses containing no specific limitation were recognized as perpetual.
Covenants not to compete when ancillary to the sale of an ongoing business are not against public policy per se or in restraint of trade as long as the terms of the agreement are reasonable as to its duration and territorial extent. Public policy dictates a man may not contractually obligate himself not to pursue at any time or at any place his occupation, trade or skill, because it is essential that he be free to earn a living for himself and family. Agreements of this kind are void and unenforceable. There is a distinction between a noncompetition clause that contains a general restriction as to place and time and prohibits a man from following his occupation at all places and times and a clause which perpetually restricts him to a limited geographical area. The latter noncompetition clause which leaves the party free to pursue his occupation in all places other than the excluded area is valid when supported by consideration and is otherwise reasonable. Moorman & Givens v. Parkerson, supra; May v. Johnson, supra.
Plaintiff's drug store had an inventory of $20,000 and yet he sold it for $60,000. The only physical assets other than the inventory included in the sale were the store fixtures and their worth could have only been a small part of the remaining $40,000 consideration. A substantial portion of the $60,000 consideration for the sale was paid by defendant because of the willingness of plaintiff to include within the sale a noncompetition clause which would be perpetual in duration. The basic reason behind the public policy holding this type of noncompetition agreement enforceable is because it gives the vendor who, by his skill and diligent attention to business, accumulates good will, an opportunity to obtain a price for it. In order for good will to have merchantability the purchaser must be assured he will have the full exclusive right to reap the benefits from the good will which he purchased. This guarantee is provided by the vendor obligating himself not to compete and thereby interfere with the purchaser's efforts to profit from acquisition of the good will.
The store plaintiff sold, which he had operated for ten years, was located in a small town in rural north Louisiana. There was only one other licensed druggist in the *869 community and only three physicians engaged in prescribing drugs for the people of the community. The operation of a drug store includes not only the sale of prescription drugs but also the sale of other merchandise necessary to health and personal comfort. The services of a druggist to a rural community are in many respects personal to his customers. Plaintiff would necessarily have become friends with and exercised influence over many of his customers. This influence would not have disappeared because of his sale of the drug store and should he reopen a drug store at some other location in the community following the sale to defendant, he would have retained for his new store operation a substantial portion of the customers he had acquired in the area during the preceding ten years. While his influence would have diminished as time elapsed, some of his influence would have remained with many customers in this community for many years following sale of the drug business to defendant.
Plaintiff, being well aware of the value of good will he accumulated over the years with the people of Ward 1, Bienville Parish, placed a substantial price on his drug business over and above the value of its physical assets. Defendant was willing to pay the price for the good will provided he got what he paid for and this was accomplished by including the noncompetition clause unlimited as to duration in the sales agreement. This agreement was legally entered into by the parties and is the law between them. LSA-C.C. Art. 1901.
In Allison v. Seigle, 65 App.D.C. 45, 79 F.2d 170 (1935), the court enforced a noncompetition clause in a drug store transaction which prohibited the vendor from reentering the drug business in a ten block area as long as vendee operated the store. See also Clare v. Palmer, 201 Okl. 186, 203 P.2d 426, 45 A.L.R.2d 71 (1949), where a noncompetition clause in a drug store transaction was construed in conjunction with an Oklahoma statute and held enforceable within the town of Ft. Gibson, Oklahoma, as long as the vendee continued to operate a drug store in the town.
The noncompetition clause is not contrary to public policy and shall remain enforceable as long as defendant continues to operate a drug store in Ward 1 of Bienville Parish. Moorman & Givens v. Parkerson, supra; May v. Johnson, supra.
Plaintiff urges as applicable the case of Lindstrom v. Sauer, 166 So. 636 (La.App., Orl.1936) where the court declared unenforceable a noncompetition clause in the sale of a motorcycle sales and service business which failed to specify a time limit. The facts of Lindstrom are distinguishable from this case because in the former the noncompetition clause restricted vendor for as long as vendee operated the business in New Orleans, a much larger city than Arcadia. Considering the size of the trade area and nature of the business, the Lindstrom noncompetition clause could possibly be considered unreasonably unlimited as to geographical area and duration, and therefore void as a matter of policy. Insofar as Lindstrom is contrary to the views here expressed, we decline to follow it as it is contra to Moorman & Givens v. Parkerson, supra, and May v. Johnson, supra.
For the reasons hereinabove assigned, the trial court is affirmed at plaintiff's cost.