420 So.2d 1276 (1982)
NAPASCO INTERNATIONAL, INC., WESTERN DIVISION, Plaintiff-Appellant,
v.
Keith MAXSON, Defendant-Appellee.
No. 82-152.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1277 Frank J. Uddo, New Orleans, for plaintiff-appellant.
Leger & Babineaux, Mark A. Babineaux, Lafayette, for defendant-appellee.
Before FORET, CUTRER and STOKER, JJ.
CUTRER, Judge.
This appeal arises from a trial court judgment which denied a preliminary injunction in a suit by an employer who was seeking to enforce noncompetition and nonsolicitation clauses of an employment contract entered into with a former employee.
Napasco International, Inc., Western Division (Napasco) filed suit against its former employee, Keith Maxson, seeking a preliminary injunction to enjoin Maxson from violating the provisions of his employment contract with Napasco.
After hearing, the trial court found that under the provisions of LSA-R.S. 23:921 the noncompetition and nonsolicitation clauses of the employer-employee contract were unenforceable. Napasco's suit for injunctive relief was dismissed. Napasco appeals. We affirm.
The substantial issue is whether LSA-R.S. 23:921 renders the noncompetition and nonsolicitation clauses of the employment contract unenforceable.
Napasco contends that the statute is inapplicable for the following reasons:
(1) Maxson was not an employer of Napasco but his relationship with Napasco was akin to that of an "independent contractor;"
(2) Maxson entered into the contract in bad faith; or
(3) The nonsolicitation clauses of the contract are enforceable under the contract by jurisprudential rule which distinguishes nonsolicitation clauses from noncompetition clauses.
Napasco sells chemical products such as janitorial supplies, degreasers and solvents. To facilitate its sales business Napasco employs sales representatives who contact established and prospective customers. On August 13, 1980, Keith Maxson entered the employ of Napasco as a sales representative. At that time, or sometime thereafter, Maxson executed a written employment contract with Napasco. The contract is in evidence and contains clauses which prohibit competition and solicitation of former customers by Maxson for one year after termination of his employment.
*1278 Maxson continued in the employ of Napasco until July 1981. At that time Maxson left Napasco and went to work for Bancroft Paper Company (Bancroft). Bancroft is a distributor of paper products, cleaners, detergents, and insecticides. Some of Bancroft's sales occur in the same geographical area as that of Napasco.
Napasco sought to enjoin Maxson from violating the noncompetition clauses and the nonsolicitation clause of his contract with Napasco. Napasco alleged that Maxson was calling on customers of Napasco, passing on trade secrets of Napasco, providing information about Napasco's operations, selling competitive products to Napasco's customers and causing Napasco to lose business.
The trial court held that the statute in question rendered the contract unenforceable. The record fully supports the trial court's ruling.
LSA-R.S. 23:921 provides as follows:

"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route of in the same territory for a period of two years. As amended Acts 1962, No. 104 §§ 1, 2."[1]

WAS MAXSON AN "INDEPENDENT CONTRACTOR?"
Napasco contends that Maxson's relationship with Napasco was akin to an "independent contractor" as distinguished from an employee. Thus, R.S. 23:921 is not applicable. Napasco relies principally on the case of Simpson v. Kelly Services, Inc., 339 So.2d 490 (La.App. 2nd Cir.1976), writ den., 341 So.2d 1121 (La.1977), to support its position. In that case the court found that Mrs. Simpson was not an employee of Kelly but an independent contractor. The court applied the following tests:

"`It is well settled by our jurisprudence that besides other factors, the most important test in determining "whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer." It is also well settled that whether the employer "actually exercises control or supervision" over the movements and the services rendered by the employee, such a fact is of no great moment, the "important question is whether, from the nature of the relationship, he had the right to do so". * * *

"`In the case of Hartwig Moss Ins. Agency, Limited, v. Board of Com'rs of Port of New Orleans, 206 La. 395, 19 So.2d 178, 184, we said:

"`An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.'"
In Kelly, Mrs. Simpson was the branch manager of a national temporary personnel agency (Kelly Services, Inc.). Receiving no salary, she worked purely on a commission basis and furnished at her own expense the facilities necessary for the operation of her business. She paid the salaries of the people that helped her in her branch office and, importantly, in Section 15 of her employment contract, she was expressly denied the status of employee of Kelly Services, Inc.
*1279 With these considerations in mind the court then assessed the degree of control Kelly Services Inc. had over Mrs. Simpson. That court found that Mrs. Simpson was in complete control of her business with the exception of some office procedure. Based on these findings the court found that Kelly Services, Inc.'s degree of control over Mrs. Simpson was insufficient to make her an employee of that company. In view of such a conclusion the court held that LSA-R.S. 23:921 did not apply to her employment contract.
By comparison Keith Maxson did not enjoy the same freedom with Napasco that Mrs. Simpson enjoyed. Maxson was given a list of customers by Napasco that he was to contact. He was also given direction by Napasco as to how he was to handle his contacts. Maxson received a salary and worked out of Napasco's office in Lafayette.
The right of control and direction in the conventional sense of employment relation is one of the most important tests in determining whether one is an employee. Whether the right is exercised is of much less importance. Simpson v. Kelly Services, Inc., supra; Amyx v. Henry & Hall, 79 So.2d 483 (La.1955). Applying this test this court finds that as a salesman, Maxson was subject to sufficient control and direction of Napasco to make Maxson an employee of Napasco. In view of this court's finding that Maxson was an employee of Napasco, that company cannot escape the operation of LSA-R.S. 23:921 which makes the subject contract unenforceable.

WAS MAXSON IN BAD FAITH IN SIGNING THE CONTRACT
Napasco contends that LSA-R.S. 23:921 is inapplicable as Maxson was in bad faith when he signed the contract. Napasco cites a portion of Maxson's testimony and interprets this testimony to mean that Maxson had no intention of remaining in the employment when he signed the contract. We have reviewed the entire testimony of Maxson, including the small portion cited by Napasco, and conclude that the argument that Maxson was in bad faith is without merit.
After reviewing Maxson's uncontroverted testimony in its entirety, we find that Maxson signed the employment contract to verify his employment with Napasco in case Ashland Chemical Corporation bought Napasco. His uncontroverted testimony also reveals that Maxson signed the contract for the above purpose upon request of the president of Napasco.
In view of the request of the president of Napasco that Maxson sign the employment contract to facilitate the change of management if Ashland Chemical Corporation purchased Napasco, this court does not believe that Maxson's underlying desire to protect his interest when signing the contract constitutes bad faith. Thus, Napasco's argument in this regard lacks merit.

NONCOMPETITION AGREEMENT VS NONSOLICITATION AGREEMENT
Citing the case of John Jay Esthetic Salon, Inc. v. Woods, 377 So.2d 1363 (La.App. 4th Cir.1979), Napasco states that the nonsolicitation clause of the contract (Paragraph 12[2]), as distinguished from noncompetition clauses is enforceable. Napasco is asking this court to draw a distinction between the noncompetition clauses and nonsolicitation clauses and hold that R.S. 23:921 is not applicable to the latter.
*1280 This court, in the case of Orkin Exterminating Co., Inc. v. Broussard, 346 So.2d 1274 (La.App. 3rd Cir.1977), writ den., 350 So.2d 902 (La.1977), has declined to recognize such a distinction in its application of R.S. 23:921. In Orkin, this court stated as follows:
"... Counsel for Orkin argues that the relief sought herein is not to enjoin Broussard from engaging in the exterminating business, but only seeks to enjoin Broussard from servicing those customers of Orkin whom he was servicing prior to termination of his employment with Orkin. We can see no distinction in legal principle...."
See also, the case of National Motor Club of Louisiana, Inc. v. Conque, 173 So.2d 238 (La.App. 3rd Cir.1965), cert. den., 175 So.2d 110 (La.1965).
Following the established jurisprudence of this court such a distinction, as argued by Napasco, will not be applied.
We hold that LSA-R.S. 23:921 is applicable and renders the contract in question unenforceable. The trial court judgment will be affirmed.
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] Napasco does not contend that the exception in the statute for those employers who expend substantial sums for training of employees, etc., applies in this case.
[2] "Upon termination of the employment for any cause whatever, the employee agrees for a period of one (1) year after said termination he will not at any place or through medium whatever, either on behalf of himself or another, directly or indirectly, solicit business in the same or kindred or similar line of business as that of the employer from any person or persons who were customers of the employer while the salesman was in its employ or who, as customers, were contacted by the salesman while the salesman was in the service of the employer, the salesman for a period of one (1) year will not either on behalf of himself or any other persons, natural or legal, seek to employ or caused to employ by another person, natural or legal, any person employed by the employer while the salesman was engaged in the service of the employer."