576 So.2d 1236 (1991)
ALEXANDRIA ANESTHESIA SERVICE
v.
Melanie Crump FIRMIN, M.D., et al.
No. W91-130.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1991.
Writ Granted in Part With Order/Denied in Part May 31, 1991.
Gist, Methvin, Hughes & Munsterman, John W. Munsterman, Alexandria, for plaintiff-applicant.
David E. Stone, Alexandria, Leslie Leavoy, Deridder, for defendants-respondents.
Before FORET, DOUCET and YELVERTON, JJ.
WRIT GRANTED IN PART AND MADE PEREMPTORY; WRIT DENIED IN PART.
*1237 Plaintiff-relator, Alexandria Anesthesia Service, prays for summary judgment to be rendered on its cause of action seeking to enforce a stipulated damages provision contained in a non-competition agreement that formed part of a partnership contract. Relator is attempting to enforce this stipulated damages provision against defendants respondents, Melanie Crump Firmin, M.D., and Melanie Firmin, M.D. (A Professional Medical Corporation). As to Melanie Crump Firmin, M.D., we find no individual liability on the basis of the contractual provision sub judice. The provision unambiguously states that only the partners are bound by the stipulated damages provision; equally clear is the fact that Dr. Firmin, individually, was never a partner in this partnership. Accordingly, this court, in a separate opinion rendered this date, grants summary judgment in favor of Dr. Firmin, individually, releasing her from any liability on relator's cause of action.
However, Melanie Firmin, M.D. (A Professional Medical Corporation) was a partner in the partnership and was bound by the non-competition agreement. Contrary to respondents' arguments, LSA-R.S. 23:921 as amended by Acts 1989, No. 639, is inapplicable as retroactive application of this amendment would be unconstitutional. La. Const. art. I, § 23, Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983). With respect to partnership contracts, R.S. 23:921 as worded prior to its amendment has been held not to invalidate non-competition agreements which are supported by ample consideration, are confected between parties not possessing unequal bargaining strength, and are binding on all partners equally. McCray v. Blackburn, 236 So.2d 859 (La.App. 3rd Cir.1970), writ refused, 256 La. 845, 239 So.2d 355 (1970). The deposition testimony and other evidence submitted in the instant case provide no reason to bar the enforcement of the non-competition agreement involved herein.
Respondents have argued that no breach has occurred, citing the contractual language that the exiting partner must be in competition with the partnership. Insofar as liability is concerned, this argument is without merit. The contract defined the words "practices medicine competitively as an anesthesiologist" to mean "practicing anesthesiology ... in the Parish of Rapides within twenty-four months immediately following the date of termination of his status as a Partner...." These clear and explicit words of the contract should be given force. La.Civ.Code art. 2046. Respondent corporation has admitted to having violated this provision. Therefore, no material issue of fact remains to be resolved, and relator is entitled to summary judgment on the non-competition agreement, but only with respect to liability. La.Code Civ.Proc. art. 966.
With respect to the amount of the stipulated damages, this court finds summary judgment to be inappropriate. Respondents assert that relator has sustained no damages as a result of the breach of the non-competition agreement. While respondents have not proven the lack of damage to a certainty, enough proof has been adduced to prevent a rendition of summary judgment on the amount of damages. See, La.Civ.Code art. 2012, La.Civ.Code art. 2005, comment "c"; and La.Civ.Code art. 2009, comment "d".
ACCORDINGLY, IT IS ORDERED that the trial court's judgment be reversed insofar as it failed to award summary judgment in favor of Alexandria Anesthesia Service and against Melanie Firmin, M.D. (A Professional Medical Corporation), on the issue of liability for breaching the non-competition agreement.