607 So.2d 1007 (1992)
Robert S. BARNETT, etc., Plaintiff-Appellee,
v.
Jake JABUSCH, Defendant-Appellant.
No. 91-882.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Writ Denied January 15, 1993.
*1008 Vidrine & Wimberley, J. Lee Wimberley, Jr., Church Point, for plaintiff-appellee.
Chambers & Trahan, Noble M. Chambers, Crowley, for defendant-appellant.
Before GUIDRY, J., and CULPEPPER[*] and SALOOM[*], JJ. Pro Tem.
KALISTE J. SALOOM, Jr., Judge Pro Tem.
Plaintiff seeks damages for the breach of an oral noncompetition agreement. From a judgment awarding plaintiff damages of $8,505.00, defendant appeals.
In May of 1987, plaintiff-appellees, Robert and Linda Barnett purchased the Rayne Antique Flea Market from defendant-appellant, Jake Jabusch, and his partner for the agreed sum of eighteen thousand dollars ($18,000.00). The sale entailed no transfer of merchandise, inventory, or equipment. What was transferred was the goodwill of the Rayne Antique Flea Market and the current vendor list. This transaction was evidenced by an instrument prepared for Mr. Jabusch, captioned BILL OF SALE.
In addition to the bill of sale, the Barnetts alleged and the trial court found that an oral agreement not to compete existed and was part of the consideration for the sale of the business. The agreement provided that Mr. Jabusch would refrain from entering into the antique flea market business in the city of Rayne for so long as the Barnetts remained in business. Despite this agreement, in March of 1991 Mr. Jabusch opened an antique business, which though styled like a mall operated in the same fashion as a flea market.
The Barnetts upon learning of this enlisted an attorney to notify Mr. Jabusch that they considered him in breach of the oral agreement not to compete. Mr. Jabusch did not respond and continued with the opening of his Antique Mall. The Barnetts filed this suit seeking to enjoin the operation of the Antique Mall and to recover damages sustained as a result of the breach of the oral agreement. The trial court found for the Barnetts and awarded damages in the amount of eight thousand five hundred and five dollars ($8,505.00), and granted an injunction for two years from September 3, 1989, the effective date of the 1989 amendment LSA-R.S. 23:921.
The principal issues presented by the defendant on this appeal are (1) whether the agreement not to compete is an illegal restraint of trade and contrary to public policy and (2) whether the trial court exceeded its authority by fixing a term for an otherwise unenforceable agreement.
We find no merit in the defendant's first contention that the noncompetition agreement constituted an illegal restraint of trade and was contrary to public policy. In cases arising before the 1989 amendment to LSA-R.S. 23:921, Louisiana courts have consistently held that an agreement not to compete is enforceable when it is part of the consideration for the sale of a business *1009 and its goodwill, and as long as the terms of the agreement are reasonable in its limitation of duration and territory covered.
Moorman & Givens v. Parkerson, 131 La. 204, 59 So. 122 (1912); Hirsh v. Miller, 249 La. 489, 187 So.2d 709 (1966); Deselle v. Petrossi, 207 So.2d 190 (La. App. 4th Cir.), writs refused, 252 La. 108, 209 So.2d 39 (La.1968); McCray v. Blackburn, 236 So.2d 859 (La.App. 3d Cir.1970); Plunkett v. Reeves Apothecary, Inc., 351 So.2d 867 (La.App. 2d Cir.1977); Alexandria Anethesia Service v. Firmin, 576 So.2d 1236 (La.App. 3d Cir.1991).
Defendant contends that the ruling in Lindstrom v. Sauer, 166 So. 636 (La.App. Orl.1936), should render the noncompetition agreement in this case null as being an unreasonable restraint of trade and a fortiori against public policy. We disagree. In Lindstrom, the court based its ruling on the lack of any time limitation fixed in the agreement despite the recited limitation not to engage in a competitive motorcycle business in the city of New Orleans only so long as the buyer is in such business. In Lindstrom, the court did not cite any existing jurisprudence and apparently failed to follow the long-standing decision of the Louisiana Supreme Court in Moorman & Givens v. Parkerson, 131 La. 204, 59 So. 122 (1912). In Moorman & Givens, a perpetual exclusion of statewide competitive insurance business was found not to be against public policy. In a later case, Plunkett v. Reeves Apothecary, Inc., 351 So.2d 867 (La.App. 2d Cir.1977), the court declined to follow Lindstrom, and upheld an agreement precluding the seller from engaging in the drug store business in a ward of a parish as long as the buyer continues operating a similar business. The Plunkett decision opted to follow the Louisiana Supreme Court in Moorman & Givens v. Parkerson, supra, and May v. Johnson, 13 La.App. 521, 128 So. 540 (La. App. 2d Cir.1930).
In the present case the defendant was limited from opening a flea market in the City of Rayne so long as the plaintiff continued to operate the flea market. Defendant was not prohibited from entering into any and all businesses nor from entering into the same business in another town. Recognizing the small population of Rayne, this was not unreasonable.
Since we have determined the existence of an enforceable agreement, the second issue on appeal has become moot and needs no further consideration.
Accordingly, we affirm the holding of the trial court; all costs assessed against defendant-appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, retired, and Honorable Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.