United States Court of Appeals,

Fifth Circuit.

No. 92-3728

Summary Calendar.

In the Matter of TASTEE DONUTS, INC., Debtor Tastee Donuts, Inc., Appellant,

v.

Linda Leaumont PRICE, Wife of/and Thomas L. Price, Appellees.

May 6, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, JONES and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

One question of law determines the outcome of this appeal: whether the prohibition against covenants not to compete contained in LA.REV.STAT.ANN. § 23:921 (West 1985)[1] applies to franchise contracts in the absence of an employment relationship between the contracting parties. The district court held that the section 921 prohibition applied to covenants not to compete in franchise agreements that create no employment relationship. The court only cited *Fine v. Property Damage Appraisers, Inc.,* 393 F.Supp. 1304, 1311 (E.D.La.1975) in support of its decision. No Louisiana court has followed *Fine's* discussion concerning the scope of section 921. But a Louisiana court has held to the contrary: "[section] 921 applies only to persons in employee-employer relationships and will not be extended to other relationships by judicial construction or interpretation." *Simpson v. Kelly Services, Inc.,* 339 So.2d 490, 495 (La.App. 2d Cir.1976), *writ denied,* 341 So.2d 1121 (La.1977); *see also NAPASCO Int'l, Inc., Western Div. v. Maxson,* 420 So.2d 1276, 1278-79 (La.App. 3d Cir.1982) (agreeing with *Simpson* as to the limited scope of section 921, but finding an employment relationship); *cf. Winston v. Bourgeois, Bennett, Thokey and Hickey,* 432 So.2d 936,

---

[1] In 1991, Louisiana's legislature excluded franchise contracts from the scope of section 921, *see id.* § 921(E) (West Supp.1993), but the parties executed the contract at issue in this case before 1991. *See Alexandria Anesthesia Serv. v. Firmin,* 576 So.2d 1236, 1237 (La.App. 3d Cir.1991) (Amendments to section 921 are not retroactive.).

940 (La.App. 4th Cir.1983) (Louisiana courts will examine the actual nature of the relationship between contracting parties to decide whether section 921 applies, regardless of the contract form or the contracting party's title.). This court has followed *Simpson* in deciding that section 921 does not govern independent-contractor relationships. *Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1497-98 (5th Cir.1990).

REVERSED and REMANDED.