707 So.2d 482 (1998)
HENDERSON IMPLEMENT CO., INC., Plaintiff-Appellee,
v.
David LANGLEY, Defendant-Appellant.
No. 97-1197.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
*483 Charles Long Bull, Jr., Welsh, for Henderson Implement Co., Inc.
Jacque Berchmans Pucheu, Jr., Eunice, for David Langley.
James Paul Doherty, Jr., Opelousas, for Progressive Tractor and Implement Co., Inc.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by David Langley from the judgment of the district court denying Langley's exception of no cause of action and ordering a preliminary injunction, pending a full hearing on the merits, restraining and prohibiting Langley from soliciting any customer of Henderson Implement Co., Inc. residing in Jefferson Davis Parish at the time of Langley's termination of employment with Henderson.
On April 21, 1995, Langley and Henderson entered into a non-competition agreement which states as follows:
BEFORE the undersigned witnesses, on this 21 day of April, 1995, appeared HENDERSON IMPLEMENT CO., INC., its subsidiary and affiliated corporations, (hereinafter referred to collectively as "Henderson") through Chuck Henderson, its duly authorized agent-in fact and David Langley "Employee", who did covenant and agree:
That in consideration of the at-will employment of David Langley by Henderson for an indefinite period of time, David Langley did covenant and agree to refrain from carrying on or engaging in any business similar to that of Henderson and/or from soliciting customers of Henderson within the parishes of Jeff Davis, State of Louisiana, for a period two years from termination of the employment relationship between Henderson and David Langley.
*484 A document entitled "Store Manager Job Description" dated April 23, 1995, was signed by Langley on April 25, 1995. This document detailed, among other things, Langley's "responsibilities, accountabilities and standards by priorities" in connection with his employment with Henderson. Langley voluntarily terminated his employment in December 1996, and began employment as store manager with Progressive Tractor & Implement Company, Inc., at its location in Eunice.
On April 8, 1997, Henderson filed a petition for a restraining order alleging that Langley, either directly or through sales agents under his supervision or control and while in the employment of its competitor, Progressive, began to contact Henderson customers in Jefferson Davis Parish on behalf of Progressive in violation of the non-competition agreement entered into between Henderson and Langley. Henderson alleged that in order for its management and sales force to operate effectively, Henderson must divulge certain confidential information concerning its operations including, but not limited to, customer lists, sales training techniques, pricing and mark-up information, financing arrangements, purchasing guidelines and projections, customer profile and inventory.
Langley contends on appeal that the trial court erred in failing to grant his peremptory exception of no cause of action on the grounds that the non-competition agreement is null and void for failing to comply with La.R.S. 23:921(C); in failing to grant his motion for dismissal at the close of Henderson's case for failure of Henderson to establish a violation of the non-competition agreement; in failing to find a lack of cause and/or lack of mutuality and/or lack of mutual consent to the non-competition agreement; and in issuing an injunction restraining Langley from soliciting customers residing in Jefferson Davis Parish when the ambiguous language of the contract called for a less restrictive interpretation on Langley's activities.
The record reflects that at the time of the non-competition agreement and thereafter, including the time of trial, Henderson operated in Lake Charles, Welsh, Crowley, Gueydan, and Abbeville under several corporate structures. However, Langley was hired to work at the Welsh location, and the agreement at issue was executed at the Welsh location. Henderson Implement Company, Inc., in Welsh is a farm equipment business, which includes the sale and lease of tractors, combines and implements, and sales of parts and service to farmers in the area. Langley was hired to manage the Welsh operation, including the management of the sales force and repair and parts at that location. In addition, Langley was paid a commission for sales generated by him.
Progressive, like Henderson, is engaged in the business of sales of agricultural equipment, services, parts and labor. In his position as store manager with Progressive, Langley's responsibilities include managing the sales force and parts and service departments. As manager of Progressive's Eunice operation, Langley admitted that he directs sales forces into Jefferson Davis Parish. In Henderson's case in chief, Langley also admitted that Progressive employees under his direction solicit customers in Jefferson Davis Parish; he admitted that at least one combine lease agreement has been entered into with a customer in Jefferson Davis Parish; and he admitted that he is awaiting completion of proposed sales of combines to customers who reside in Jefferson Davis Parish, which sales are under his control as manager of the Eunice location. We note that the judgment of the trial court specifically does not restrict Progressive as to where it does business or goes about soliciting customers without Langley's involvement.
We address first Langley's contentions that the competition agreement is null and void on its face for failure to comply with La. R.S. 23:921(C); and the trial court erred in reforming the agreement rather than declare it null and void for lack of compliance with the statutory requirements and in modifying the terms of the agreement where there was no severability clause permitting such a modification.
La. R.S. 23:921(C) provides in pertinent part:

*485 C. Any person ... may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes ... so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. * * *
La.R.S. 23:921(G) provides:
G. Any agreement covered by Subsections B, C, D, E, or F of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.
Langley argues that the agreement is null and void because (1) it seeks to restrict his ability to compete not only against Henderson, but Henderson's affiliates even though he was employed only by Henderson's Welsh location; and (2) the agreement does not define the business of Henderson.
Addressing Langley's contention that the agreement is invalid because it seeks to restrict his ability to compete not only against Henderson, but its affiliates, we note that the trial court stated:
The contract, as I've indicated earlier, I do think is overly broad in the sense that it makes reference to subsidiaries and affiliates of Henderson Implement, but the testimony is clear and the contract is clear that it's limited to Jeff Davis Parish. Henderson Implement Company is the only company of the group of companies owned by the stockholders of Henderson Implement that might be considered a subsidiary or affiliate that does business in Jeff Davis Parish and that is located in Welsh. That is the place that Mr. Langley was employed, and it's clear that this is a contract  kind of a standard form that was used with all the affiliates or subsidiaries of Henderson Implement and just the blanks were kind of filled in as it was appropriate, so I assume that where an affiliate was located in Vermilion Parish, then the employee would be prohibited from soliciting customers of Henderson within the Parish of Vermilion and on and on in the other parishes that were involved. Calcasieu and Acadia I think were two (2) others that were mentioned. So by restricting the enforceability to Jeff Davis Parish, as the contract does itself, I think the contract limits its effect to Jeff Davis Parish and as a result only to Henderson Implement and does not affect any other customers that may do business with some of Henderson's affiliates in Acadia or Vermilion or Calcasieu Parish or any other parish other than Jeff Davis Parish. (Emphasis ours.)
Langley contends that the trial court erred in reforming or modifying the agreement by effectively deleting "subsidiary and affiliated corporations" of Henderson Implement from the non-competition agreement, when the agreement did not contain a severability clause. Specifically, Langley argues that the trial court erred in relying on AMCOM of Louisiana, Inc. v. Battson, 28,171 (La.App. 2 Cir. 1/5/96), 666 So.2d 1227, cert. granted 96-0319 (La.3/29/96), 670 So.2d 1223, wherein our supreme court reversed the judgment of the court of appeal and reinstated the judgment of the trial court which reformed a non-competition agreement by deleting overly broad language, thus sanctioning the trial court's revision of a non-competition agreement.
Langley contends that AMCOM is distinguishable, however, in that the agreement in that case contained a savings or severability clause. The opinion issued by the supreme court in AMCOM was a per curiam not accompanied by a written opinion. At any rate, the jurisprudence is well established that it is not necessary that an entire agreement containing a provision against public policy be declared null and void. Courts are free to recognize, by interpretation of the will of the parties, that the provision inserted in the agreement is only an accessory clause to which the agreement *486 was not subject for its existence. In that case, the offending provision is deleted and the remainder of the agreement stands. Morse v. J. Ray McDermott & Co., Inc. 344 So.2d 1353, 1358, 1370 (La.1976).
Additionally, La. R.S. 23:921(A) provides:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful provision, trade, or business or any kind, except as provided in this Section, shall be null and void.
Thus, the statute clearly allows for reformation of a provision of a non-competition agreement not in compliance with the statute.
Addressing Langley's contention that the agreement is invalid because it does not define Henderson's business, we note the agreement in the instant case clearly tracks the language of the statute. Langley's contention that a definition of Henderson's business is a statutory requirement is rejected. Nowhere in the statute does there appear such a requirement. Furthermore, this court in Barnett v. Jabusch, 607 So.2d 1007 (La.App. 3 Cir.1992), writ denied, 610 So.2d 820 (La.1993), upheld an oral non-competition agreement, evidencing the fact that a definition of the business is not a statutory requirement. Furthermore, the record reflects that the parties to the agreement knew full well what Henderson's business entails. Additionally, as the trial court noted, the document entitled "Store Manager Job Description" defines the duties of the store manager and in so doing defines the business activities in which Langley agreed not to engage.
We next address Langley's motion for dismissal. At the close of Henderson's case, Langley moved for a dismissal on the grounds that Henderson failed to establish a prima facie case that Langley had violated the non-competition agreement in its case in chief. The agreement at issue provides in pertinent part:
... David Langley did covenant and agree to refrain from carrying on or engaging in any business similar to that of Henderson... within the parishes of Jeff Davis ...
Henderson called Langley to testify in its case in chief. As stated previously, Langley admitted to engaging in and carrying on business similar to that of Henderson in Jefferson Davis Parish. Thus, this assignment lacks merit.
Next, Langley argues that the non-competition agreement is invalid due to duress and lack of valid cause. The trial court found no evidence that Langley signed the agreement under duress which would have invalidated the contract. Based upon a review of the record, we find no error in this ruling. Langley also argues there was no cause for the contract since he had terminated his previous job and prepared to begin work with Henderson when the non-competition agreement was presented to him. He also argues lack of mutuality because the only benefit was to Henderson. Langley's arguments in these respects are unsupported by the record and are, at the very least, tenuous. The record reflects evidence that the non-competition agreement was discussed with Langley prior to employment, and Langley read the contract and felt he understood what he read.
Finally, Langley contends that the non-competition agreement is ambiguous and should be interpreted in his favor and not in favor of Henderson. Specifically, Langley would have this court believe that the agreement prevents him from carrying on or engaging and/or soliciting customers within Jefferson Davis Parish only while he is physically located within Jefferson Davis Parish. This argument is likewise unpersuasive and without merit. The language of the agreement which tracks the statutory language is clear and unambiguous.
The judgment of the trial court is affirmed. All costs of appeal are assessed to defendant-appellant.
AFFIRMED.
SAUNDERS, J., dissents without reasons.