934 So.2d 307 (2006)
CBD DOCUSOURCE, INC.
v.
Stephanie Lee FRANKS.
No. 06-CA-167.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2006.
George B. Jurgens, III, James D. Bercaw, King, LeBlanc & Bland, P.L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant, CBD Docusource, Inc.
*308 Thomas J. McGoey, II, Jason R. Johanson, Liskow & Lewis, APLC, New Orleans, Louisiana, for Defendant/Appellee, Stephanie Lee Franks.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
This is an appeal from the trial court's denial of a request for a preliminary injunction to enforce a non-competition agreement. We affirm.

FACTS
The plaintiff is CBD Docusource, Inc (hereafter "Docusource"). Docusource provides litigation support services to lawyers, law firms and litigants. On July 2, 2001, Docusource hired the defendant, Stephanie Lee Franks, as an apprentice litigation support consultant.
On the date of her hiring, Franks signed non-competition agreement that prohibited her from engaging in any way, directly or indirectly (other than for the benefit of Docusource) in the litigation support sales and service business within a defined geographic area for two years from the date of the agreement.
The agreement defined the "Restricted Activity" as "litigation support sales and service as that term is generally understood within the Restricted Area, including but not limited to litigation consultation, information management, document management, computer database, software design, instruction, operation or management as well as the sale or provision of services in any way connected therewith."
The agreement defined the "Restricted Area" as 29 specified Louisiana parishes.[1]
During the initial two-year period, Franks underwent training in the field of litigation support sales and service. At the end of the period, Franks signed another two-year non-competition agreement and continued working for Docusource. At the end of the second two-year period specifically, on July 13, 2005Franks signed a third two-year non-competition agreement on the same terms, which bore an effective date of July 1, 2005. The language was substantially the same as the language in the first and second agreement.
On August 29, 2005 Hurricane Katrina struck the greater New Orleans metropolitan area, affecting the operations of Docusource in New Orleans. Connie Nichols, a part-owner of Docusource, spoke to Franks by cellular phone as Nichols was evacuating New Orleans a few days after the storm. She told Franks the future of the company was unknown and Nichols was planning to stay in another city until things settled down. When Franks expressed concern about her job, Nichols recommended that she apply for unemployment benefits.
Several weeks later, Docusource management commenced efforts to contact the company's employees, including Franks, but Franks did not return numerous phone calls, e-mails, and text-messages from Docusource.
*309 In early October 2005, Docusource management learned that Franks was setting up a business to provide litigation support services. In December 2005 Docusource filed this lawsuit.
In its petition Docusource sought a temporary restraining order to prohibit Franks from the performance in the Restricted Area (other than for the benefit of Docusource) of litigation support sales and service business, litigation consultation, information and document management, and/or any other breach of the non-competition agreement. Docusource prayed for issuance of preliminary and final injunctions in the form and substance of the TRO, as well as judgment in its favor for damages, pre- and post-judgment interest, and costs.
Franks filed an answer incorporating a reconventional demand, in which she stated as follows: She was employed by Docusource from January 2001 until the end of August 2005. Under the terms of her employment, Docusource paid her a base salary and commissions for her services. Although Docusource terminated her employment at the beginning of September 2005, as of the filing of her reconventional demand on January 3, 2006, Docusource had failed to pay her all amounts due her, including wages, commissions, accrued unused vacation pay, and benefits earned prior to termination of her employment, despite her demand. Docusource also had failed to remit to her the funds in her retirement plan account. Franks sought recovery of all amounts due under the terms of her employment, plus penalties of 90 days' wages and attorneys fees, as provided in La.R.S. 23:631. She also alleged a claim under La.C.C.P. art. 3608 for wrongful issuance of a temporary restraining order and a claim for malicious prosecution.
The trial court issued a temporary restraining order of limited scope on December 21, 2005, directing, "Counsel for Ms. Franks will instruct her not to solicit Docusource customers between 12/21/05 and 1/3/06." The court set a hearing on the preliminary injunction request for January 3, 2006.
At the hearing, Franks opposed the injunction with two main arguments. First, she asserted that the geographic restriction in the non-competition agreement is impermissibly overbroad, in that Docusource does business in less than half of the 29 named parishes. She asserted, further, that the agreement cannot be reformed because it does not include a severability provision. Second, she argued that Docusource never provided the consideration it used to induce Franks to sign the agreementspecifically, training to become a Certified Trainer in the use of Summation software.
At the hearing, both sides presented testimony. On January 6, 2006, the trial rendered judgment denying the request for preliminary injunction.
In written reasons for judgment, the court found that "the conduct of Ms. Franks was of the nature prohibited by the non-competition agreement." The court further found that Docusource does not do business in at least 10 of the 29 parishes included in the Restricted Area in the non-competition agreement. The court agreed with Franks' argument that the geographical limitations of the agreement are overbroad, citing La.R.S. 23:921, which permits noncompetition agreements for up to two years within a specified parish or parishes so long as the employer carries on a like business there. The court found that the entire agreement is null and void, due to lack of a severability clause permitting reformation of the contract to limit its application to parishes where Docusource *310 is conducting business. Based on that finding, the court held that Docusource failed to make a prima facie showing that it would prevail on the merits. Hence, the court denied the relief sought.
Docusource has appealed. On appeal Docusource contends, first, that the district court erred in voiding the entire non-competition agreement because Docusource does not conduct business in every parish comprising the Restricted Area. Second, Docusource contends the court erred in holding that Docusource's solicitation of clients and marketing its legal support services to attorneys in all of the state's parishes did not satisfy the requirement of "carrying on a like business therein" set out in La.R.S. 23:921(C). Docusource asserts both these are legal errors that require reversal of the judgment.
La.R.S. 23:921 governs non-competition agreements in Louisiana. It provides, in pertinent part:
A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
* * *
C. Any person ..., who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
Louisiana's strong public policy restricting these types of agreements is based upon an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden. SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294, 298. Because such covenants are in derogation of the common right, they must be strictly construed against the party seeking their enforcement. Id.
In Class Action Claim Services, L.L.C. v. Clark, 04-591 (La.App. 5 Cir. 12/14/04), 892 So.2d 595, 600, this court held a clause containing geographic limitations was severable from the remainder of the non-compete agreement. We stated: "Our review of the jurisprudence indicates that when a non-compete clause is overbroad in its geographical boundaries, the Court should delete the overbroad portions and enforce the remainder of the geographic restriction provision."
Our opinion in Class Action Claim Services, supra, did not mention whether the contract in that case contained a severability clause, a point that has been raised by Docusource to support its argument that the lack of a severability clause in the contract before us should not make the entire agreement null. However, two members of the panel now sitting on this case also were on the panel in that case. We can state categorically that the agreement in Class Action Claim Services did, in fact, contain a severability clausetwo, in fact.[2]
Docusource relies on La. R.S. 23:921(A)(1), which states: "Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade or business *311 of any kind, except as provided in this Section, shall be null and void." [Emphasis added.] According to Docusource, the phrases "or provision thereof" is a built-in severability provision that permits severance of overbroad clauses from the remainder of a non-competition agreement.
We acknowledge the cases cited by Docusource for the proposition that La. R.S. 23:921 itself contains a severability clause that permits reformation of a non-competition agreement that is overbroad.[3] However, we interpret that statutory language differently, bearing in mind the public policy against non-competition agreements. In our view, the phrase "or provision thereof" refers to a non-competition provision within a contract that deals with other matters, such as an overall employment agreement. The phrase allows for nullification of the offending non-competition provision without voiding the entire employment agreement. However, where the entire agreement is concerned with non-competition, like the agreement in this case, we believe one portion cannot be severed from the remainder absent a specific severability clause. Accordingly, the trial court did not err in holding that the entire non-competition agreement is null and void.
Having concluded that the agreement is void, it is unnecessary for us to address Docusource's argument that its solicitation of business and advertising state-wide constituted "carrying on business" in the parishes in which it has not specifically had clients.
For the foregoing reasons, the judgment is affirmed. Costs of the appeal are assessed against the appellant, Docusource, Inc.
AFFIRMED.
NOTES
[1] Paragraph 1 defines the geographic scope of the Agreement as "the following Parishes (the `Restricted Area'), which the parties agree is the reasonable trade territory of Docusource: Orleans, Jefferson, St. Bernard, Plaquemines, Lafourche, St. Charles, St. John the Baptist, St. James, Ascension, Assumption, Terrebonne, Iberville, West Baton Rouge, East Baton Rouge, Point Coupee, East Feliciana, West Feliciana, St. Helena, Livingston, Tangipahoa, St. Tammany, Washington, Lafayette, Caddo, Bossier, Rapides, Ouachita, Calcasieu and St. Landry."
[2] Specifically, Judges Daley and Chehardy were members of the panel in Class Action Claim Services, and Judge Daley was author of the opinion.
[3] In Henderson Implement Co., Inc. v. Langley, 97-1197 (La.App. 3 Cir. 2/4/98), 707 So.2d 482, 486, the third circuit cited the phrase "or provision thereof" and stated, "Thus, the statute clearly allows for reformation of a provision of a non-competition agreement not in compliance with the statute." See also, Moore's Pump and Supply, Inc. v. Laneaux, 98-1049 (La.App. 3 Cir. 2/3/99), 727 So.2d 695.