EZELL, Judge,
Dissents.
hi disagree with the majority that the Tobeys established a failure of cause and detrimental reliance requiring the rescission of the sale of a house and land, including the repurchasing of inventory which no longer even existed as it was at the time of the sale. A lot of emphasis is placed on the fact that this was a family business and the Tobeys would never have bought the business otherwise. However, not only was it convenient for the Tobeys to purchase an already-established business, Charles wanted to quit working overseas and both Charles and Christine wanted the family home. Even the trial court agreed that the Tobeys made more money in the used car business than their prior combined income. I agree that unfortunate family disputes and confrontations arose as a result of the sale, but I disagree that this is a reason to rescind the sale of the home. I do not agree with the majority opinion that the noncompetition agreement was a convenient creation by the defense attorney to divert attention from the real issue.
During her testimony, Patricia testified that before the Tobeys bought the business Christine wanted to insure that the Piazzas would not go into business and compete with them and inquired about seeing an attorney. Patricia offered to go to an attorney but Christine told her that she was not concerned. Patricia did not think |2it would be a problem either because they were certain that the Tobeys would continue to let Angelo help them with the business.
*714 Louisiana law requires that certain formalities must be observed in order to have a valid noncompetition agreement. Louisiana Revised Statutes 23:921(B) provides:
Any person, including a corporation and the individual shareholders of such corporation, who sells the goodwill of a business may agree with the buyer that the seller or other interested party in the transaction, will refrain from carrying on or engaging in a business similar to the business being sold or from soliciting customers of the business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, not to exceed a period of two years from the date of sale.
“Louisiana courts have consistently held that an agreement not to compete is enforceable when it is part of the consideration for the sale of a business and its goodwill, and as long as the terms of the agreement are reasonable in its limitation of duration and territory covered.” Barnett v. Jabusch, 607 So.2d 1007, 1008-09 (La.App. 3 Cir.1992), writ denied, 610 So.2d 820 (La.1993).
Louisiana has a strong public policy disfavoring noncompetition agreements. SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294. Louisiana also has a long-standing public policy to prohibit or severely restrict such agreements. Id. “Because such covenants are in derogation of the common right, they must be strictly construed against the party seeking their enforcement.” Id. at 298.
No agreement was ever reached as to the territory in which the Piazzas would be restricted from operating a used car business. Obviously, retirement anticipated a longer term than two years, so the duration of the noncompetition agreement is also invalid. Therefore, any agreement that the Tobeys and Piazzas had regarding noncompetition is invalid. While the failure of the Piazzas to adhere to an agreement | ato retire may have been a reason to rescind the contract of sale for failure of cause and the Tobeys may have detrimentally relied on the promise to retire, the fact is that there was no valid agreement as required by La.R.S. 23:921(B).
Simply put this is a dispute between family members which the parties are trying to rectify through the court system. I agree that the Tobeys relied on Angelo’s and Patricia’s promises of retiring from the used car business as one of the reasons they bought the house and land. I also do not condone the father’s actions and find that his actions were not that of a loving father. However, I find that the Tobeys are seeking to prevent him from competing with their business and there was no valid noncompetition agreement. Where there is an invalid agreement, there cannot be failure of cause or detrimental. Therefore, I find that the trial court erred in rescinding the contract.
I am in agreement with the majority that Angelo did make defamatory remarks about the Tobeys and the cars they were selling to third parties. I also agree that the $50,000 award to the Tobeys was not an abuse of discretion. However, I disagree with the majority that Patricia should be assessed with the defamation damages. There was no evidence whatsoever that Patricia made any defamatory statements about the Tobeys. There was also no evidence that Angelo’s statements were for the benefit of the community. His statements were made for his own personal gratification.
The majority fails to address the issue relative to the purchase of inventory that was present at the time of sale and the *715 inventory presently existing in the LLC created after the sale between the parties to this lawsuit. There seems to me that there is no privity of contract between the Defendants and the LLC. The fact is, the LLC did not exist when the purchase of the home and business was complete.
How were the Plaintiffs damaged? The house is not defective, and the |4Plaintiffs made more than they previously made from their previous employment. Therefore, I must respectfully dissent from the majority.