STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1524


J & S RESOURCES, LLC

VERSUS

R - 4, LLC, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 92930
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.


Glenn B. Foreman
Hoyt & Stanford, L.L.C.
315 South College Road, Suite 165
Lafayette, LA 70503
(337) 234-1012
Counsel for Defendant/Appellee:
    R - 4, LLC
    Construction Resource Organization, LLC
    Walt Durfey
    Dustin Bradford

**Joseph C. Giglio, Jr.**
**John J. Fletcher**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**Counsel for Plaintiff/Appellant:**
      **J & S Resources, LLC**

**DECUIR, Judge.**

Plaintiff, J & S Resources, LLC ("J & S"), filed suit against four defendants: R-4, LLC ("R-4"); Construction Resource Organization, LLC ("CRO"); Walt Durfey; and Dustin Bradford. Plaintiff sought to enjoin Defendants from competing against it in certain named parishes of the State of Louisiana. The suit was based upon the provisions of a written contract executed on December 31, 2009 by J & S, a licensed general contractor, and R-4 and CRO, who agreed to provide labor and equipment services for J & S. After a hearing, the trial court denied J & S's request for an injunction, and this appeal ensued. For the following reasons, we affirm.

The dispute in this case focuses on the extent and validity of a non-compete provision included among the terms of an independent contractor agreement. The contract restricts R-4 and CRO from competing with J & S in the geographic region defined by the following contractual language:

> **"Geographic Region"** means and refers to the geographical area included in the following Parishes of the State of Louisiana: Calcasieu, Cameron, Iberia, Lafourche, St. Mary, Terrebonne, and Vermilion, Orleans, Jefferson, St. Bernard, Plaquemines, Lafayette, Jeff Davis, Evangeline, St. Landry as well as the rest of the Parishes within the State of Louisiana.

Admitting that the quoted provision is overly broad, J & S argues that the district court should have reformed the contract to include the specifically named parishes and excise the catch-all phrase which purports to include all "the rest of the Parishes within the State of Louisiana." The original petition requests the court to reform the contract so as to include only twelve of the parishes named in the contract. In support of its position, J & S relies on La.Civ.Code art. 2034 which provides:

> Nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision.

Additionally, La.R.S. 23:921 provides specifically for non-competition agreements under certain limited circumstances which include a time limitation of two years and geographical restrictions.

In oral reasons for judgment, the trial court rejected the argument advanced by J & S, pointing out the long-standing public policy which disfavors non-competition agreements:

> [W]hen you look at the cases that have interpreted these contracts and have had to make decisions as to whether to enforce them, the longstanding policy has been to prohibit or severely restrict the agreements and to strictly construe them against the party seeking enforcement.
>
> In this case, while I understand your argument, [plaintiff's counsel], that you believe the intent of the parties was to restrict coverage in those particular parishes and not in the entire state, that's not what the agreement says.
>
> And, based upon the decision that we talked about in *Swat 24* [*Shreveport Bossier, Inc. v. Bond*, 00-1695 (La. 6/29/01), 808 So.2d 294], as well as the *Herff Jones* [*, Inc. v. Girouard*] decision [07-393 (La.App. 3 Cir. 10/3/07), 966 So.2d 1127, *writ denied*, 07-2463, 07-2464 (La. 2/15/08), 976 So.2d 185], I find that the Courts have recognized that, in order for a Court to reform or rewrite the contract, there must be some intent demonstrated by the parties that such would be permissible. And I think that's in keeping not just with noncompetition agreements but in all contractual cases.
>
> [B]ecause the parties in this case did not provide for a severability agreement and because the provision of the contract which seeks to prohibit competition in the entire state is unenforceable, this Court feels that it cannot enforce this agreement.

The Defendants urge this court to adopt the reasoning of the trial court. They contend that the *SWAT 24* case, as well as this court's holding in *Herff Jones*, stand for the proposition that in the absence of a severability clause in a disputed contract, a court cannot reform the contract to make it comply with the law. In *SWAT 24*, the

2

supreme court clearly indicated that without a severability clause it would not have approved of the lower court's decision to allow reformation of the contract:

> The language of the Agreement makes it possible to excise the offending language from the noncompetition clause without doing undue damage to the remainder of the provision. In light of this severability clause which reflects the parties' intent and in accordance with this court's decision in *AMCOM* [*of Louisiana, Inc. v. Battson*, 06-319 (La. 3/29/96), 670 So.2d 1223], we, like the court of appeal below, will sever the null clause from the Agreement. Without the offending portion of the statute, [sic] there is nothing in the language of the Agreement that will be construed to prohibit the conduct of which SWAT complains. We therefore find the trial court correctly denied SWAT's request for an injunction in this case.

P. 14, 808 So.2d at 309. (Footnote omitted.) Similarly, this court in *Herff Jones* rested its decision to reform a contract on the presence of a severability clause:

> [T]he fact that the noncompetition provision was unenforceable did not render the 1993 Agreement totally void because it contained a severability clause. That being the case, we must still consider the effect of the agreement after severing the noncompetition language. *See SWAT 24*, 808 So.2d 294.

P. 7, 966 So.2d at 1135.

In *CBD Docusource, Inc. v. Franks*, 06-167 (La.App. 5 Cir. 6/28/06), 934 So.2d 307, the fifth circuit was faced with the same argument presented herein, i.e., that a severability clause is not necessary for the reformation of the contract at issue because the law permits reformation of an overly broad contractual provision. The court rejected the argument with the following explanation:

> We acknowledge the cases cited by Docusource for the proposition that La.R.S. 23:921 itself contains a severability clause that permits reformation of a non-competition agreement that is overbroad. However, we interpret that statutory language differently, bearing in mind the public policy against non-competition agreements. In our view, the phrase "or provision thereof" refers to a non-competition provision within a contract that deals with other matters, such as an overall employment agreement. The phrase allows for nullification of the offending non-competition provision without voiding the entire employment agreement. However, where the entire agreement is

3

concerned with non-competition, like the agreement in this case, we believe one portion cannot be severed from the remainder absent a specific severability clause. Accordingly, the trial court did not err in holding that the entire non-competition agreement is null and void.

P. 4, 934 So.2d at 311. (Footnote omitted.)

Federal courts interpreting Louisiana law have similarly rejected the argument that overly broad or otherwise invalid non-competition agreements should be routinely reformed based on statutory provisions. In *Gearheard v. DePuy Orthopaedics, Inc.*, 1999 U.S. Dist. LEXIS 13042, at * 18 (E.D.La. Aug. 19, 1999), the court cautioned against placing "courts in the business of either saving or writing a contract that is not generally favored by law." *See also Team Envtl. Servs., Inc. v. Addison*, 2 F.3d 124 (5th Cir. 1993); *L & B Transport, LLC v. Beech*, 568 F.Supp.2d 689 (M.D. La. 2008).

By contrast, the jurisprudence relied upon by J & S in this case, including both *Henderson Implement Co. v. Langley*, 97-1197 (La.App. 3 Cir. 2/4/98), 707 So.2d 482, and *Moores Pump and Supply, Inc. v. Laneaux*, 98-1049 (La.App. 3 Cir. 2/3/99), 727 So.2d 695, pre-date the more recent case law, did not involve overly broad geographic provisions, and pertained to contracts which clearly evidenced the intent of the parties. Therefore, those cases are not dispositive of the controversy presented herein.

Based on the foregoing analysis, we find no error in the decision rendered by the trial court. Accordingly, the judgment before us is hereby affirmed. Costs of this appeal are assessed to the plaintiff, J & S Resources, LLC.

**AFFIRMED.**

4