722 So.2d 1133 (1998)
Shirley KELLEY, Individually and on Behalf of Her Deceased Son, Jason Kelley
v.
HANOVER INSURANCE CO., Worthington Cyclinders, XYZ Insurance Corporation, Home Depot, U.S.A., The Pit Shop and ABC Corporation.
No. 98-CA-506
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
Writ Denied February 12, 1999.
*1134 Kenneth J. Beck, Cheryl A. McAnespy-Smith, Harvey, for Plaintiff-Appellant.
Rodney A. Seydel, Jr., New Orleans, Joseph G. Gallagher, Jr., New Orleans, Lisa A. Montgomery, Metairie, for Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MARION F. EDWARDS.
*1135 DUFRESNE, Judge.
This is an appeal from a summary judgment dismissing a products liability wrongful death and survival action based on a failure to warn theory. For the following reasons, we affirm the judgment.
The facts are as follows. Shirley Kelley, plaintiff-appellant, bought a "seafood boiling kit" from Home Depot, U.S.A., Inc., consisting of a boiling pot, a burner and a portable propane tank. The tank had been manufactured by Worthington Cylinder Corporation. Although sold empty, the tank was specifically designed and sold as a propane gas tank.
Plaintiff used the apparatus once to boil seafood, and then stored it in her shed. Jason Kelley, her fifteen year old son, apparently had a history of gasoline inhalation, a problem for which he had been treated previously at a substance abuse facility. Plaintiff's petition avers that Jason filled a plastic bag with propane from the tank and began sniffing it with the expectation of getting "high." Unfortunately, this inhalation allegedly led to his death.
Plaintiff sued Home Depot and Worthington, alleging that the warning on the tank was insufficient and that both defendants were thus liable as manufacturers under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq. She also asserted that the warning did not comply with the Louisiana Hazardous Aerosol Act, La. R.S. 40:1057 et seq., thus giving rise to an additional cause of action under that statute. Finally, she contended that Home Depot, if considered as a seller rather than a manufacturer, could be liable under general tort law for selling a product which it knew or should have known was defective because of an insufficient warning label. Both defendants moved for summary judgment, which was granted. Plaintiff now appeals.
Of plaintiff's six assignments of error, the first is a contention that summary judgment was entered prematurely; the second raises the issue of whether there are factual matters in dispute which would preclude summary judgement; the third and fourth concern the applicability of the Louisiana Hazardous Aerosol Act(LHAA) to suits arising under the Louisiana Products Liability Act (LPLA); the fifth deals with interpretation of the "reasonable anticipated use [of a product]" clause in the LPLA; and the sixth proposes that sellers of defective products can be liable under general tort principles, notwithstanding the exclusivity provisions of the LPLA.
Plaintiff's first alleged error is that she was prejudiced by the summary judgment because it was entered before she could prepare her case. The record discloses otherwise. Suit was filed in May of 1996, and almost one year later, on May 5, 1997, Home Depot filed its motion for summary judgment. On July 8, a litigation schedule was issued by the trial judge fixing trial for January 12, 1998. Meanwhile, Home Depot had sought a hearing on its motion for summary judgment, but that hearing had been set and continued on plaintiff's motion. On August 11, 1997, plaintiff filed an opposition to the motion. Two days later, during an August 13, pre-trial hearing, the trial judge informed plaintiff's counsel that she was inclined to grant summary judgment in the case, but gave counsel seven weeks, until October 8, to file additional pleadings and papers directed to that issue. Although plaintiff did file an amended petition asserting an additional cause of action based on an alleged violation of the LHAA, she did not bring forth any affidavits, depositions, answers to interrogatories, or any other papers going to the evidentiary concerns raised by the trial judge on August 13. On September 5, 1997, Worthington filed its motion for summary judgment. Both motions were heard on October 8, and were granted shortly thereafter.
Article 966(C)(1) of the La.Code Civ. Pro. provides:
After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
In setting such motions, as in other actions relating to scheduling and docket management, trial judges exercise wide discretion, and their decisions in such matters will be *1136 set aside by appellate courts only when there has been an abuse of that discretion, see Smith v. Estrade, 589 So.2d 1158 (La.App. 5th Cir.1991). In the present matter, plaintiff had 17 months from the time she filed suit until the summary judgment hearing to develop her case. At least one of the summary judgment motions was filed five months before the hearing, and seven weeks before that hearing the trial judge had made clear to plaintiff's counsel that summary judgment would probably be granted if plaintiff could not show further factual support for her case. Although plaintiff asserted at the hearing that she needed more time to prepare, she made no reference to any ongoing attempts to acquire expert testimony or any other evidence to support her claim. In these circumstances, we find no abuse of the trial judge's discretion in deciding the motions after the October 13, hearing and we so rule.
In her second assignment, plaintiff asserts that there are unresolved issues of material fact in the case and that summary judgment was therefore improper. Because this assertion touches on questions raised in assignment five, we treat these two assignments together.
The sections of the LPLA, La. R.S. 9:2800.51 et seq. pertinent here are as follows:
Sec. 5800.52. Scope of this Chapter.
This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this chapter. Conduct or circumstances that result in liability under this Chapter are "fault" within the meaning of Civil Code Article 2315.
2800.53 Definitions.
(7) "Reasonably anticipated use" means a use or handling of the product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances.
2800.54. Manufacturer Responsibility and Burden of Proof.
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction as provided in R.S. 9:2800.55.
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56.
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57.
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
D. The claimant has the burden of proving the elements of Subsections A, B and C of this Section.
In the present case, there are no allegations that the injury suffered was proximately caused by any unreasonable dangerousness of the tank or the propane due to composition, design, or warranty. The only allegation is that the tank did not display an adequate warning about the dangers of inhaling pure propane.
However, before reaching the question whether a product is unreasonably dangerous because of an inadequate warning, a plaintiff must first meet the threshold requirement of Sec. 2800.54 A, which is that the injury arose from a "reasonably anticipated use" of the product. It is only after such use is shown that the inquiry moves on to whether an adequate warning was required.
Here, the matter came before the court by way of defendants' motions for summary judgment. Article 966 C(2), of the Code Civ. Pro. provides that when the movant does not bear the burden of proof at trial, it is sufficient to point out to the court that there is an absence of factual support for the adverse *1137 party's claim. The party bearing the burden of proof must then come forward with factual support sufficient to establish that he will be able to meet his evidentiary burden at trial. If he fails to come forth with such evidence, there is no genuine issue of material fact.
Here, the undisputed facts are that plaintiff's son filled a plastic bag with propane and inhaled it. It is apparent that this is not a "reasonably anticipated use" of propane, i.e. one that a "manufacturer should reasonably expect of an ordinary person in the same or similar circumstances," see Peterson v. Bass, 97-2843 (La.App. 4th Cir. 5/20/98), 713 So.2d 806. Defendants urged in their motions for summary judgment that there was an absence of factual support for plaintiff's allegation to the contrary. Because under Sec. 9:2800.54 D, it was plaintiff's burden of proving that this was a "reasonably anticipated use", it was incumbent on her to come forward with some proposed evidence to show that she would be able to satisfy this burden at trial.
Article 967, of the Code Civ. Pro. further provides that this proposed evidence may be by way of affidavits, depositions, and answers to interrogatories. However, plaintiff presented no such evidence in opposition to defendants' motions. At best, she quoted several scientific journal articles dealing with teenagers' inhalation of various commercial products, but none of this information goes to the question of "reasonable anticipated use" which a "manufacturer should reasonably expect of a reasonable person." There were thus no material facts in dispute on this threshold question, and the trial judge correctly granted summary judgment on the product liability claim.
Plaintiff's third and forth assignments of error relate to application of the Louisiana Hazardous Aerosol Act, La. R.S. 40:1057, et seq. Her first assertion is that this statute establishes a separate cause of action against a manufacturer of aerosol products. The trial judge ruled otherwise, noting during the hearing that nothing in the statute indicates that it be so construed. She also noted that the exclusivity provisions in Sec. 2800:52, of the LPLA preclude any action against a manufacturer on any theory of liability not set forth in that chapter, and that to adopt plaintiff's argument would be to ignore the clear wording of that statute. We agree with this analysis.
Plaintiff further asserts, however, that any aerosol warning which does not comply with the requirements of the LHAA is negligence per se, and that the warning on the tank at issue here did not so comply. In this regard, we note that the record does not establish that pressurized propane gas is an aerosol. However, even assuming that it is and is thus covered by the LHAA, the issue of whether its labeling met the LHAA criteria would not arise under the LPLA, the exclusive cause of action against a manufacturer, until the threshold determination of "reasonably anticipated use" was met. As shown above, under this latter statute a product is not unreasonably dangerous because no warning is given against uses which are not reasonably anticipated. There is no legal duty to warn against all dangers which might exist for all conceivable uses which might be made of a product, but only a duty to warn against dangers which exist for reasonably anticipated uses, see Delphen v. Department of Transportation and Development, 94-1261 (La.App. 4th Cir. 5/24/95), 657 So.2d 328. Because inhaling pure propane from a plastic bag in not a reasonably anticipated use, the manufacturer had no duty under the LPLA to warn against dangers which might exist in such use, and thus the requirements of the LHAA as to the contents of warnings for aerosols are irrelevant here.
In her last assignment of error, plaintiff argues that under general tort theory Home Depot, if considered as a seller rather than a manufacturer, had a duty to warn of the dangers inherent in products which it sold irrespective of the exclusivity provisions of the LPLA. Under the duty-risk analysis of general tort theory, it is essential that there be a duty on the part of the defendant to protect the plaintiff from the risk at issue, and the existence of this duty is a legal question, Mays v. Gretna Athletic Boosters, Inc., 95-717 (La.App. 5th Cir. 1/17/96), 668 So.2d 1207. In the case of sellers, there might conceivably be a legal duty imposed on *1138 them to warn of dangers associated with normal use of products if they are aware of such dangers and also know that those dangers are not set forth in the manufacturer's labels or other product information. However, there is no such duty when the buyer uses the product in a totally unreasonable manner. In the present case, there is no question that the use of the propane was not such as could be expected of a reasonable person, and therefore there was no legal duty imposed on Home Depot to warn of such use. There is thus no basis to impose liability on this defendant under general tort theory.
For the foregoing reasons, the summary judgment dismissing this suit is hereby affirmed.
AFFIRMED.