729 So.2d 90 (1999)
Lydia DREW
v.
John William MARTELLO, Julie A. Aucoin, American National Property & Casualty Insurance Co. & Zurich Ins. Co.
No. 98-CA-1141, 98-CA-1142.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1999.
*91 Clifford E. Cardone, Ivan A. Orihuela, New Orleans, LA, for Plaintiffs-Appellants.
John I. Hulse, IV, New Orleans, LA, Steven B. Witman, Metairie, LA, Gary A. Bezet, Baton Rouge, LA, Albert C. Miranda, Metairie, Harriet R. Campbell Young, J. Elliott Baker, Asst. Atty. Gen., New Orleans, Julie P. Silbert, New Orleans, for Defendants-Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
DUFRESNE, Judge.
This is an appeal by Lydia Drew, plaintiff-appellant, from a summary judgment dismissing Zurich Insurance Co., her employer's automobile liability insurer, on grounds that the policy at issue excluded uninsured motorist coverage. For the following reasons, we affirm that judgment.
The underlying facts are straightforward. On November 9, 1993, Drew was a regional manager for Knoll Pharmaceuticals, a subsidiary of BASF Corporation, and had flown into New Orleans for a business convention. Although she had a company car regularly assigned to her as part of her compensation package, that car was apparently at the airport in her home state. While walking along a service road of Interstate-10 from her hotel to a restaurant, she was injured when struck by an automobile driven by John Martello and owned by Julie Aucoin.
Almost one year later, Drew filed suit against Martello and Aucoin, and their insurers, the hotel, Jefferson Parish, the Louisiana Department of Transportation and Development, and Zurich, the automobile liability insurer of BASF and consequently of the company car assigned to Drew. Martello and Aucoin were alleged in the petition to be Louisiana residents, with service requested at Jefferson Parish addresses.
On April 13, 1998, over three years after the petition was filed, Zurich urged a motion for summary judgment asserting that the policy at issue did not provide uninsured motorist coverage. In support of this motion it filed a copy of the policy and the affidavit *92 of Gary W. Slumpff, the Director of Insurance for BASF and its subsidiary Knoll. In that affidavit Slumpff recites that, based on personal knowledge, BASF has in effect a nationwide contract of insurance negotiated by him with Zurich which covers the automobile at issue here. He further states that the corporation has in effect workmen's compensation insurance to cover all injuries to its employees while in the course and scope of their employment. It therefore does not carry uninsured motorist coverage for them in any states where it may reject entirely such coverage, and in states where some UM coverage is required it carries only the minimum amount mandated.
To accomplish his company's policy as to UM coverage, Slumpff negotiated and signed a policy which contained a section dealing with such coverage. That section begins with a four page summary setting forth the UM coverages under the policy for each state, and the summary is followed by an individual UM form for each state. At the end of the summary, the following appears:
The completion of this form precludes the necessity of showing the policy number, agent and Named Insured on the listed forms attached to this policy. By signing and dating this form in the spaces provided below, you agree that you have read and understand each state form and that the selections or rejections marked on the state forms have been accepted by you without signing and dating each form.
The above form is dated and signed by Slumpff.
The attached individual form for Louisiana states:
Your policy provides "bodily injury" uninsured motorists coverage, which includes "bodily injury" underinsured motorists coverage, equal to your "bodily injury" liability limits. You have the option of rejecting "bodily injury" uninsured motorists coverage entirely or selecting "bodily injury" uninsured motorists coverage in limits less than your "bodily injury" liability limits.
The form then provides a check-off box for rejection of uninsured coverage, including underinsured coverage, followed by boxes for selection of lower limits. The first box, indicating rejection of UM coverage, is checked off.
Based on the above affidavit and copy of the policy, the trial judge granted summary judgment dismissing Zurich from the suit. On plaintiffs motion, the trial judge found that there was no just reason to delay the appeal of this partial summary judgment and designated the matter as a final, immediately appealable judgment pursuant to La Code Civ. Pro., Art.1915.
Plaintiffs first assignment of error is that the granting of the summary judgment was premature. In several other assignments she also urges that there were essential factual matters either in dispute or not established by the defendant, thus precluding summary judgment. Because many of these issues overlap, we treat them together.
Article 966 of our Code of Civil Procedure provides the manner in which motions for summary judgment are to be urged and supported. The sections of that article pertinent here are as follows:
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
C.(1) After adequate discovery or after the case is set for trial, a motion which shows that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law shall be granted.
Here, plaintiff's overall argument is that she was not given time to discover facts which might have shown genuine disputes as to the insurance policy and affidavit, particularly in regard to: 1) Slumpff's credibility; 2) whether the signature on the UM rejection forms was authentic; and 3) whether he was authorized by BASF to finalize the policy. We reject these arguments.
*93 Trial judges are given wide discretion in setting motions, including motions for summary judgment, and their decisions in such matters will be set aside by appellate courts only when there has been an abuse of that discretion to the prejudice of a party, Kelly v. Hanover Insurance Co., 98-506 (La.App. 5th Cir., 11/25/98), 722 So.2d 1133. Here plaintiff had over three years between filing of suit and defendant's motion for summary judgment to conduct discovery on these issues, and apparently failed to do so. Moreover, there is nothing to suggest that had plaintiff been given additional time she would have discovered defects in the affidavit. In these circumstances, we find no abuse of discretion in the trial judge ruling on the motion when she did.
Further, plaintiffs basic argument about the affidavit is that the information in it should not have been taken as correct without further inquiry by the trial judge. To accept that position would be, in effect, to negate the clear wording of Art. 966, which provides that affidavits are competent evidence in support of summary judgments. This we decline to do. The sworn affidavit sets forth that Slumpff is the Insurance Director for BASF, that he negotiated and signed the attached policy which is at issue in this suit, and gives the reasons upon which the company bases its decision to reject UM coverage wherever possible. The document is thus sufficient to establish that the policy submitted is the authentic contract of insurance at issue. Plaintiffs next assertion is that the UM selection form was defective because it does not contain a separate check-off block or other space in which the insured could indicate its acceptance of coverage equal to the policy limits, and thus did not fully and clearly explain the options open to the insured under Louisiana UM insurance law. This argument was rejected in Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213. There the court noted that the legal requirement is that the insurer inform the insured of the options available and give it an opportunity to make an informed choice of options. However, because UM coverage is automatically provided up to the bodily limits of the policy, there is nothing for the insured to select to receive this coverage. It is only when an insured wishes to reject UM coverage or select lower limits that it is required to take action. Thus, so long as the form clearly sets forth the law as to such coverage, it need only permit a meaningful selection of no coverage or lower limits.
In the present case, the form stated that the policy provided the statutorily mandated UM coverage equal to bodily injury limits. It went on to inform the insured that it had the option of rejecting such coverage entirely or selecting UM coverage at lower limits. It then provided check-off blocks for these latter options. This form clearly set forth the law as to UM coverage and gave the insured meaningful choices as to its options. In these circumstances we conclude that the waiver of UM coverage was valid. We also not here that our determination that the UM waiver was valid renders moot Zurich's alternative argument that plaintiff was not an insured under the terms of the policy even if UM coverage existed.
Plaintiffs final argument is that because she is a resident of another state and the policy was issued in yet a third state, that a choice of law inquiry should have been conducted to determine which state's UM law applied. Article 14 of the Louisiana Civil Code provides:
Unless otherwise provided by the laws of this state, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of this Code [Arts. 3515-3549].
The Louisiana UM law specifically provides that it is applicable to "any accident which occurs in this state and involves a resident of this state," La.R.S.22:1406(D)(1)(a)(iii). Here, plaintiff alleges in her petition that the driver and owner of the car which struck her are both Louisiana residents and has never shown or asserted otherwise. In this circumstance, Louisiana law was properly applied.
For the foregoing reasons, the summary judgment in favor of Zurich Insurance Co. is hereby affirmed.
AFFIRMED.