# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CW 03-1497 consolidated with CW 03-1498, CW 03-1616


**DON LEGER, ET AL.**

**VERSUS**

**JOHN HAAS WEINSTEIN, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-3265-B
HONORABLE JULES DAVID EDWARDS  III, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett,
Judges.


**WRITS DENIED.**


 Marc W. Judice
Michael Wayne Adley
Judice and Adley
P. O. Drawer 51769
Lafayette, LA 70505-1769
(337) 235-2405
Counsel for: Defendant Applicant
John Haas Weinstein
John Haas Weinstein, APLC

Mark L. Ross
Attorney at Law
600 Jefferson, #512, Box 23
Lafayette, LA 70501
(337) 266-2345
Counsel for: Plaintiff Respondent
Noelle Leger
Sarah Leger

**Lon M. Baronne**
**Lon M. Baronne, Jr**
**Benjamin Baronne**
**Jeanette Leger**
**Karen Baronne**
**Don Leger**

**SAUNDERS, J.**

The issue upon which defendant has sought supervisory writs arises from his allegedly negligent representation of Plaintiffs. Don Leger, individually and on behalf of his minor children, retained the services of John Haas Weinstein, APLC and John Haas Weinstein, Esq. (hereinafter collectively referred to as "Weinstein") to bring a malpractice action against Fred Bailey and Fred Bailey APLC (hereinafter collectively referred to as "Bailey"). Plaintiffs alleged that Bailey was negligent in handling matters related to their grandfather's estate. Weinstein failed to take any steps in the prosecution of the action against Bailey for three years and the case was dismissed. Plaintiffs filed a second malpractice action against Weinstein for allowing the first malpractice action against Bailey to be abandoned.

**FACTS AND PROCEDURAL HISTORY**

On behalf of Plaintiffs, Weinstein filed a Petition for Damages for legal malpractice against Bailey on October 16, 1996. Plaintiffs became dissatisfied with Weinstein's representation so they retained their current counsel of record, Mark Ross, to handle the suit against Bailey. A joint Motion to Substitute counsel was signed on March 12, 2002 and Mr. Ross commenced his representation of Plaintiffs. Shortly thereafter, on May 2, 2002, Bailey filed an ex parte Motion to Dismiss Plaintiffs' suit alleging that it had been abandoned. Bailey's motion was granted and the case was dismissed on May 10, 2002. Without the consent of his former clients, Weinstein moved to set aside the dismissal of the case against Bailey. Weinstein's motion to set aside the dismissal was originally scheduled for hearing on August 5, 2002; however, it was continued without date.

On September 20, 2002, approximately four months after the dismissal was

granted and before the hearing on Weinstein's motion to set aside the dismissal, Plaintiffs brought a malpractice action against Weinstein on the grounds that he allowed the case against Bailey to be abandoned and dismissed. Subsequently, on November 21, 2002, prior to the hearing on Weinstein's motion to set aside the dismissal, Weinstein filed an Exception of Prematurity. Weinstein claimed that any malpractice action was premature until the court ruled on his motion to set aside the dismissal because, if the dismissal was set aside, there would be no grounds for malpractice. The exception was granted on December 24, 2002; however, the trial judge refused to dismiss the case at that time. Weinstein then sought a supervisory writ from this court arguing that the case against him had to be dismissed because the Exception of Prematurity was granted. We held that, after the exception was granted, the trial court had no authority to act further in the case. The trial court dismissed the action against Weinstein without prejudice on June 2, 2003. Plaintiffs re-filed the current action on June 19, 2003.

Weinstein's motion to set aside the dismissal was heard on January 15, 2003. At that hearing, the trial court concluded that Weinstein lacked standing to challenge the dismissal of the suit against Bailey. This court affirmed that ruling on August 13, 2003, after the first malpractice action against Weinstein was dismissed as premature. Thereafter, defendant filed an Exception of Peremption alleging that the second suit against Weinstein was perempted because it was filed more than one year from the time that plaintiff obtained knowledge of the malpractice. That exception was argued on November 3, 2003 and judgment was rendered in favor of plaintiff.

**ASSIGNMENT OF ERROR**

2

1) The trial court erred when it denied the Exception of Peremption.

**STANDARD OF REVIEW**

When reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-0805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 644.

**DISCUSSION**

By assigning the trial court's failure to sustain the Exception of Peremption as error, defendant is essentially claiming that Plaintiffs' malpractice claim expired before it came into existence. Defendant cites *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, in support of this argument. In *Reeder,* defendant attorney represented a client in an action against alleged perpetrators of a Ponzi scheme. *Id*. Suit was originally brought in the Eastern District of Louisiana for violations of various federal and state securities laws; however, it was summarily dismissed with prejudice. *Id*. Defendant then filed a second suit, this time in state court, that was based on the same course of conduct as the federal suit. *Id.* The state court suit was ultimately dismissed when our supreme court ruled that Plaintiff was precluded from asserting the state law claims because they were not alleged in the federal suit filed on July 10, 1989. *Id*. Plaintiff then filed a malpractice action, on September 15, 1994, against Defendant for negligently failing to bring all claims in the first action. *Id.* That suit was subsequently dismissed by the trial court because of peremption. *Id.*

Plaintiff appealed and the dismissal was reversed. *Id*. The appellate court held

3

that peremption does not begin to run until the facts have "ripened into a viable cause of action sufficient to support a lawsuit." *Id*. at 1295. Based upon this reasoning, that court held that the cause of action arose on February 28, 1994 when the Supreme Court of the United States denied certiorari; therefore, the suit was not perempted because it was filed within one year of that date. Our supreme court disagreed with the appellate court. *Id*. Despite recognizing that a claim for malpractice may very well be extinguished before it accrues, the court held that the peremptive period begins to run on the date of the alleged malpractice or the date on which the client discovers or should have discovered the malpractice. *Id*.

Defendant's reliance on *Reeder* is misplaced. In that case, plaintiff only argued that had he filed suit for malpractice before the supreme court ruled on the underlying case it may have been dismissed as premature. Plaintiff's argument was based on speculation regarding acts that a court may take in the future. *Reeder* is distinguishable from the case at bar because, here, there is a binding, final judicial determination that Plaintiffs did not have a cause of action until the suit against Bailey was finally dismissed. That judgment is the law of this case. The law of the case doctrine essentially provides that final judgments rendered during the course of litigation become the law of the parties to that litigation. *Barnett v. Jabusch*, 94-819 (La.App. 3 Cir. 2/1/95), 649 So.2d 1158. Utilization of this doctrine is discretionary; however, its application is called for when it is necessary to produce consistent results in the same litigation. *Id*.

There will be no consistency of result if the doctrine is not applied to the instant matter. We have already determined that Plaintiffs' claim was premature until

4

the suit against Bailey was dismissed. *See Braud v. New England Ins. Co.*, 576 So.2d 466 (La.1991). We cannot think of a more inconsistent result than now holding that the same claim is perempted. To do so would be to hold that the claim is premature and perempted at the same time. This inconsistency was recognized by the trial judge at the hearing on Defendant's last Exception of Prematurity, wherein the following dialogue took place:

> **THE COURT:** So this is a case that is perpetually premature until it is prescribed?
>
> **MS. REGAN:** Or until there was a final finding by the
>
> Third Circuit or as to the underlying claim.
>
> **THE COURT:** So this is a claim that cannot be adjudicated, it is either premature, or it has prescribed, but it cannot be heard?
>
> **MS. REGAN:** At this time.

Holding that the claim was premature until it is perempted results in the patently inconsistent results the law of the case doctrine is intended to avoid.

Obtaining consistent results, however, is not sufficient to justify application of the doctrine. Its use should be declined if "it will 'accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.'" *Thomas v. Browning-Ferris, Inc.*, 03-1518, p. 3 (La.App. 3 Cir. 3/31/04), 871 So.2d 1161, 1164 (quoting *Dodson v. Cmty. Blood Ctr. Of La., Inc.*, 633 So2d 252, 255 (La.App. 1 Cir. 1993), *writs denied*, 93-3158 (La. 3/18/94), 634 So.2d 850, and 93-3174 (La. 3/18/94), 634 So.2d 851). We see no possible way that injustice could result from application of the law of the case doctrine here. In fact, we believe serious injustice will occur if the doctrine is not applied. Failing to adhere to the law of this case

would result in Plaintiffs having a viable claim for malpractice that courts are not allowed to hear. The trial judge expressed this same concern at the hearing on Defendant's Exception of Peremption in stating:

> **THE COURT:** I cannot think – well, I cannot – I believe, in any case in which the defendants assert that the case is premature and can't be litigated until such time passes until it – the claim is – has passed the peremptive period, that has got to be an absurd result.
>
> That result is the situation of a case that can never be tried. *I cannot imagine under any circumstances that would be justice; that would be the law of Louisiana. It cannot be.* [emphasis added]

We agree and, therefore, find no injustice in application of the law of the case doctrine.

Furthermore, we do not believe that our prior decision regarding prematurity and accrual of the claim was manifestly erroneous. Plaintiffs' first action against Weinstein was brought before a final judgment of dismissal was rendered in the Bailey matter. The supreme court has held that a malpractice suit may be brought against an attorney whenever "appreciable and actual harm" is suffered. *Braud*, 576 So.2d at 468. The court, however, also concluded that "speculative harm, or the threat of future harm" is not sufficient to create a cause of action. *Id*. Until the dismissal of the action against Bailey became final, Plaintiffs suffered no appreciable and actual harm. Any injury was purely speculative, therefore, no cause of action for malpractice had arisen. Accordingly, we believe our prior decision regarding prematurity of Plaintiffs' action was based on settled jurisprudence.

Moreover, the three elements of an action for legal malpractice are: the existence of an attorney-client relationship, negligent representation by the attorney,

and loss to the client caused by that negligence. *Prestage v. Clark*, 97-0524, (La.App. 1 Cir. 12/28/98), 723 So.2d 1086, *writ denied*, 99-0234 (La. 3/26/99), 739 So.2d 800. In the case of a malpractice action based on abandonment, the client suffers no injury until a final judgment of dismissal is entered. Revised Statute 9:5605, however, states that the peremptive period begins to run on the date of the alleged malpractice or the date on which the client discovers or should have discovered the malpractice. Thus, a literal reading of the statute reveals that the elements of a malpractice action are at odds with the limitations on that action. Instead of maintaining consistency in the law, the element requiring actual harm and the statute of limitation are in open and direct conflict. To hold that the peremptive period for a legal malpractice claim begins to run before the client suffers harm is to hold that the legislature intended to change the substantive elements of a legal malpractice action. There are several instances, including the instant matter, in which this change would render it impossible for someone to timely bring an action for legal malpractice. We see no evidence that this is what the legislature intended.

We agree with the trial judge that it is impossible to "imagine under any circumstances that would be justice; that would be the law of Louisiana. It cannot be."

**CONCLUSION**

We affirm the ruling of the trial court in denying Defendant's Exception of Peremption. All costs are assessed against Defendant.

**WRITS DENIED.**

7